T.C. Summary Opinion 2012-68


UNITED STATES TAX COURT


MALEK CITHOL KOTJOK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15006-10S.                    Filed July 16, 2012.


Malek Cithol Kotjok, pro se.

Tammra S. Mitchell, for respondent.


SUMMARY OPINION


WELLS, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Respondent determined a deficiency with respect to petitioner's 2008 tax year of $6,145. The issues we must decide are: (1) whether petitioner is entitled to dependency exemption deductions for his minor children; (2) whether petitioner is entitled to the child tax credit; (3) whether petitioner is entitled to the additional child tax credit; (4) whether petitioner is entitled to head of household filing status; and (5) whether petitioner is entitled to the earned income tax credit.

## Background

Some of the facts and certain exhibits have been stipulated. The parties' stipulations of facts are incorporated in this opinion by reference and are found accordingly. At the time he filed his petition, petitioner was a resident of Georgia.

Petitioner, his wife, and their children immigrated to the United States as refugees from southern Sudan (now South Sudan) during 2000.[2] Petitioner and his wife, Mary A. Rizig (Ms. Rizig), had marital problems and are now separated. During 2007, Ms. Rizig was granted a permanent protective order by a Georgia court. Pursuant to the protective order, petitioner is not permitted visitation with the

_____

[2]Petitioner's native language is Dinka. At trial, the Court provided an interpreter because petitioner stated that he was insufficiently fluent in English to proceed without assistance from an interpreter.

couple's children unless the visit is arranged through Ms. Rizig's religious organization or Sister Nora Ryan. Ms. Rizig has since moved to Virginia, taking her children with her. Those children, including DMCK and NMCK, lived with her throughout 2008.

On her 2008 tax return, Ms. Rizig claimed DMCK and NMCK as dependents. Additionally, she claimed head of household filing status, the child tax credit, the additional child tax credit, and the earned income tax credit. On his 2008 tax return, petitioner also claimed DMCK and NMCK as dependents, the child tax credit, the additional child tax credit, the earned income tax credit, and head of household filing status. Although they no longer live with him, petitioner still receives occasional visits from DMCK and NMCK, he speaks with them on the telephone, and he provides them with financial support.

Respondent issued a notice of deficiency to petitioner, and petitioner timely filed his petition with this Court.

## Discussion

As a general rule, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). If the taxpayer satisfies certain substantiation and recordkeeping requirements, the burden

of proof regarding factual matters may shift to the Commissioner.  See sec. 7491(a).

Petitioner has not contended, and we do not conclude, that the burden of proof

should shift to respondent.  See sec. 7491(a)(2)(A) and (B).

A taxpayer may claim a dependency exemption deduction with respect to an

individual who is either a "qualifying child" or a "qualifying relative".  Secs. 151(c),

152(a).  In general, to be a taxpayer's "qualifying child", an individual must:  (A)

bear a qualifying relationship to the taxpayer; (B) have the same principal place of

abode as the taxpayer for more than one-half of the taxable year; (C) meet certain

age requirements; and (D) not have provided more than half of his or her own

support for the year.  Sec. 152(c)(1).  Petitioner acknowledged that both DMCK and

NMCK lived with Ms. Rizig during all of 2008.  Because neither DMCK nor

NMCK had the same principal place of abode as petitioner for more than half of

2008, neither is petitioner's qualifying child under section 152(c).[3]

---

[3]Additionally, if more than one parent claims the same qualifying child, sec. 152(c)(4)(B) provides that such child will be treated as the qualifying child of:  "(i) the parent with whom the child resided for the longest period of time during the taxable year, or (ii) if the child resides with both parents for the same amount of time during such taxable year, the parent with the highest adjusted gross income." Because both petitioner and Ms. Rizig claimed DMCK and NMCK as dependents and because DMCK and NMCK lived with Ms. Rizig throughout 2008, each was a qualifying child with respect to Ms. Rizig but not with respect to petitioner.

In the case of divorced or qualified separated parents, special rules determine which parent may claim a dependency exemption deduction for a child. Section 152(e) allows the noncustodial parent a dependency exemption deduction if the custodial parent signs a written declaration releasing her claim to the exemption and the noncustodial parent attaches the declaration to his Federal income tax return. Neither of those requirements was met. Accordingly, neither DMCK nor NMCK is petitioner's qualifying child pursuant to section 152(e). Consequently, we conclude that petitioner is not entitled to dependency exemption deductions for DMCK and NMCK.

Section 24(a) authorizes a tax credit with respect to each qualifying child of the taxpayer. The child tax credit provided by section 24(a) may not exceed the taxpayer's regular tax liability. Sec. 24(b)(3). Where a taxpayer is eligible for the child tax credit, but the taxpayer's regular tax liability is less than the amount of the child tax credit potentially available under section 24(a), section 24(d) makes a portion of the credit, known as the additional child tax credit, refundable. The term "qualifying child" means a qualifying child of the taxpayer as defined in section 152(c) who has not attained age 17. Sec. 24(c). Because neither DMCK nor NMCK was a qualifying child of petitioner during 2008, we conclude that he

is not entitled to the child tax credit or additional child tax credit pursuant to section 24.

Section 1(b) provides a special tax rate for an individual who qualifies as a head of household. As pertinent here, section 2(b)(1) provides that an unmarried individual "shall be considered a head of a household" if that individual "maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode" of "(i) a qualifying child of the individual (as defined in section 152(c) * * *)". Because neither DMCK nor NMCK was a qualifying child of petitioner during 2008, we conclude that he is not entitled to claim head of household filing status.

Section 32(a)(1) permits an eligible individual to receive an earned income credit against the individual's tax liability. As pertinent here, the term "eligible individual" includes any individual who has a qualifying child for the taxable year.[4] Sec. 32(c)(1)(A)(i). In general, the term "qualifying child" means a qualifying child of the taxpayer, as defined in section 152(c), determined without

_____

[4]An eligible individual may also include an individual who does not have a qualifying child. See sec. 32(c)(1)(A)(ii). However, an earned income tax credit is available to such an individual only if the individual's adjusted gross income is less than $12,880. See Rev. Proc. 2007-66, sec. 3.07(1), 2007–2 C.B. 970, 973. Because petitioner's adjusted gross income during 2008 exceeded that amount, petitioner is not entitled to the earned income tax credit for that year without a qualifying child.

regard to section 152(c)(1)(D) (regarding the amount of support) and section 152(e) (regarding special rules for divorced parents). Sec. 32(c)(3)(A). Because petitioner had no qualifying child during his 2008 tax year, we conclude that he is not entitled to the earned income tax credit.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.